UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Clifton M. Brooks Sr.,

       Plaintiff,

vs.                                    Case No.  3:08-cv-125-J-32MCR

Florida Clerk of Courts,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

    This case is before the Court on Plaintiff's Amended Complaint (Doc. 6) as

well as Plaintiff's Affidavits of Indigency (Docs. 2 and 7), which this Court construe

as motions for leave to proceed in forma pauperis.  On February 27, 2008, this

Court took Plaintiff's original motion for leave to proceed in forma pauperis (Doc. 2)

under advisement and noted that both Plaintiff's Affidavit of Indigency and

Complaint were deficient.  (Doc. 4).  The Court ordered Plaintiff to file an amended

Affidavit of Indigency as well as an amended complaint.  Plaintiff did so on March

18, 2008.

    The Court has reviewed both the amended affidavit and complaint and notes

that Plaintiff's affidavit does indicate he is unable to pay the fees associated with

litigation.  However, before a plaintiff is permitted to proceed in forma pauperis, the

---

[1] Any party may file and serve specific, written objections hereto within TEN (10)
DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party
from a de novo determination by a district judge of an issue covered herein and from
attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and
(e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of
Florida.

Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit sua sponte.  See id.  A review of Plaintiff's Amended Complaint reveals it is still deficient.  Plaintiff is attempting to sue the "Clerk of Courts" for "[d]eprivation of rights under the color of law" pursuant to 18 U.S.C. § 242.  (Doc. 6).  As an initial matter, the Court notes that 18 U.S.C. § 242, which is the "criminal analogue" to 42 U.S.C. § 1983, does not create a private cause of action.  Royster v. Florida, 2007 WL 141141 *2 (N.D. Fla. 2007) (citing, Rockefeller v. United States Court of Appeals Office, for Tenth Circuit Judges, 248 F.Supp.2d 17 (D .D.C.2003) (there is no private right of action under federal criminal statutes, proscribing deprivation of rights under color of law); Figueroa v. Clark, 810 F.Supp. 613 (E.D. Pa.1992) (statutes establishing criminal liability for certain deprivations of civil rights do not give rise to civil cause of action); Powell v. Kopman, 511 F.Supp. 700, 704 (S.D. N.Y.1981) (section 242, which is the criminal analogue to section 1983, does not create a private right of action); Purk v. United States, 747 F.Supp. 1243 (S.D. Ohio 1989) (same)).

The Court will give Plaintiff the benefit of the doubt, however, and assume Plaintiff meant to bring this claim pursuant to 42 U.S.C. § 1983, which does allow an individual to bring a claim for deprivation of rights under color of law.  In any event, Plaintiff's § 1983 claim is deficient.  Although the Amended Complaint does not

specifically name the clerk Plaintiff is attempting to sue, the address provided

indicates Plaintiff is referring to the Clerk of the Circuit and County Courts for Duval

County, Florida, Jim Fuller.  The Amended Complaint states that the clerk's office

made a false entry onto Plaintiff's criminal background information and stated that

he had been convicted of a felony, when in fact, he had been convicted of a

misdemeanor.  (Doc. 6).  This claim must fail, however, because Plaintiff names the

Clerk of the Circuit and County Courts for Duval County, Florida as the defendant

and does not allege that Mr. Fuller was the individual who actually made the false

entry.  "The doctrine of respondeat superior (supervisory liability) does not apply to

actions filed under 42 U.S.C. § 1983." Allen v. Lowndes County Sheriff's Dept.,

2007 WL 4225424 *1 (M.D. Ala. 2007).  Accordingly, supervisors cannot be held

liable for the errors of their subordinates or on the basis of vicarious liability.  Id.

(citing Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994); Brown v.

Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Zatler v. Wainwright, 802 F.2d 397,

401 (11th Cir. 1986)).

Moreover, it is well settled that judges are absolutely immune from civil

liability for any acts performed in their judicial capacity, providing such acts are not

performed in clear absence of all jurisdiction.  Reitmire v. Florida Atty. Gen., 2008

WL 341439 *2 (M.D. Fla. 2008) (citing Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir.

2000); Stump v. Sparkman, 435 U.S. 349, 356-357, 98 S.Ct. 1099 (1978); Simmons

v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)).  "This immunity applies even

when the judge's acts are in error, malicious, or were in excess of his or her

jurisdiction." Id. (citing Stump, 435 U.S. at 356).  Similarly, when non-judicial

officials, including clerks of court, act "under command of court decrees or under

explicit instructions of a judge," the absolute immunity of the judge extends to the

clerk.  Allen, 2007 WL 4225424 *1 (citing Williams v. Wood, 612 F.2d 982, 985 (5th

Cir.1980).[2]  Additionally, a court clerk is absolutely immune from damages liability

under 42 U.S.C. § 1983 when he or she acts pursuant to authority granted by state

law and acts on behalf of a court, because in such a situation, the clerk is

performing a judicial function.  Id. (citing Scott v. Dixon, 720 F.2d 1542 (11th Cir.

1983).  As a result, Plaintiff's claim against the Clerk of the Circuit and County

Courts for Duval County is due to be dismissed upon application of 28 U.S.C. §

1915(e)(2)(B)(i) and (iii).  As such, it is respectfully

**RECOMMENDED**:

Plaintiff's applications to proceed without prepayment of fees contained in his

Affidavits of Indigency (Docs. 2 and 7) be **DENIED** and the complaint be

**DISMISSED without prejudice** to Plaintiff filing a paid complaint.


**DONE AND ENTERED** at Jacksonville, Florida this __27[th]__ day of May, 2008.


_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

-5-

Copies to:

<u>Pro</u> <u>Se</u> Plaintiff